FILED

**NOT FOR PUBLICATION**

FEB 18 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NAUNIHAL SINGH; GUARDARSHAN KAUR; CHANDAR VIRK,<br><br>    Petitioners,<br><br> v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>    Respondent. | No. 10-70563<br><br>Agency Nos.  A071-625-502<br>       A071-625-503<br>       A071-625-504<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 12, 2014[**]
San Francisco, California

Before: TALLMAN and RAWLINSON, Circuit Judges, and RICE, District
Judge.[***]

---

  [*]  This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

  [**]  The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

  [***]  The Honorable Thomas O. Rice, United States District Judge for the
Eastern District of Washington, sitting by designation.

Naunihal Singh, a native and citizen of India, petitions for review of a final order of removal from the Board of Immigration Appeals ("BIA"). The BIA dismissed Singh's appeal of an Immigration Judge's ("IJ") denial of Singh's applications for asylum, withholding of removal, and protection under the United Nations Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

Singh first challenges the BIA's denial of his asylum application on the grounds that he failed to establish a well-founded fear of future persecution on account of his political beliefs.[1] *See* 8 C.F.R. § 1208.13. To establish a well-founded fear of future persecution, a petitioner must show both that he has a subjective, genuine fear and that a reasonable person in the same circumstances would objectively share that fear. *Pedro-Mateo v. INS*, 224 F.3d 1147, 1149–50 (9th Cir. 2000).

But substantial evidence supports the BIA's conclusion that Singh's fear was not objectively reasonable. *See Zhao v. Mukasey*, 540 F.3d 1027, 1029 (9th Cir. 2008) (stating that the objective prong is satisfied by "credible, direct, and specific

---

[1] Because Singh does not challenge either the BIA's rejection of his claim of a well-founded fear of persecution based on his Sikh religion or membership in that social group or the BIA's rejection of his due-process claim, he has waived those issues. *See Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994).

evidence in the record of facts that would support a reasonable fear of future persecution").  Although Singh's two brothers and nephew have each been repeatedly arrested and tortured by the Indian authorities because of their vocal support for Akali Dal Mann and the Sikh separatist movement, Singh is not similarly situated to them.  *See Prasad v. INS*, 47 F.3d 336, 340 (9th Cir. 1995) (noting that "attacks on family members do not necessarily establish a well-founded fear of persecution absent a pattern of persecution tied to the petitioners").  Singh has never been a member of Akali Dal Mann and his party involvement is limited, comprised of donating money to pro-Khalistan causes and protesting in seven to eight demonstrations in front of the Indian consulate in San Francisco.

We also reject Singh's argument that his fear was objectively reasonable because Indian authorities have imputed to him the beliefs of his relatives.  *See Baghdasaryan v. Holder*, 592 F.3d 1018, 1024 n.6, 1024–25 (9th Cir. 2010) ("An imputed political opinion arises when '[a] persecutor falsely attributes an opinion to the victim, and then persecutes the victim because of that mistaken belief about the victim's views.'" (quoting *Canas-Segovia v. INS*, 970 F.2d 599, 602 (9th Cir. 1992))).  The evidence Singh presented at best shows that the police were at one time interested in his whereabouts, but it does not show that police believe Singh to be a pro-Khalistan militant.  And hearsay evidence from 1985 suggesting that the

3

police wished to associate Singh with a group of Sikhs who hijacked a plane to the United Arab Emirates was appropriately given less weight in light of other evidence in the record.[2] *See Gu v. Gonzales*, 454 F.3d 1014, 1022 (9th Cir. 2006) (noting that hearsay evidence may be afforded less weight when considered with other evidence). Background evidence provided by Singh is also insufficient because Singh has not lived in India since 1975 and his claims are inconsistent with reports in the record indicating that the police and the government of India no longer target non-leader, non-militant Sikhs who merely support Sikh causes. Substantial evidence therefore supports the BIA's denial of asylum and the BIA's denial of withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, substantial evidence supports the denial of Singh's CAT claim. Singh did not advance any evidence suggesting that he would be tortured apart from that already considered as part of the asylum analysis. Evidence also suggests that Singh could safely relocate to another part of the country to avoid

---

[2] This evidence is that (1) other members of Singh's family, including his daughter, reside safely in India; (2) Singh returned to India for a week in 1987 and was not harmed; and (3) Singh's wife and son, who are derivative applicants, also safely traveled to India two or three times between 1985 and 1987.

torture.  *See Kamalthas v. INS*, 251 F.3d 1279, 1282 (9th Cir. 2001) (citing 8

C.F.R. §§ 208.16(c)(2)–(3)).

**PETITION DENIED.**